# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DIST. COURT
NSWICK DIV.

2004 AUG 24 P 3: 59

GA.

CARPENTERS/MILLWRIGHTS   :     CIVIL ACTION
LOCAL UNION NO. 865,
FRED CHAPPELL, SAM ALTMAN,   :
JEROME ROOKS, JOHN A. GRAHAM,
HARRIET J. SMITH, and   :
EDWIN LASHLEY,

          : 

     Plaintiffs,

          :

        v.

          :

UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS   :
OF AMERICA, SOUTHEASTERN
CARPENTERS REGIONAL COUNCIL,
DOUGLAS J. McCARRON, LARRY   :
PHILLIPS, and WALTER DARNELL,

          :

     Defendants.                  NO. CV204-057

## O R D E R

Plaintiffs, Carpenters/Millwrights Local Union No. 865
("Local 865"), Fred Chappell, Sam Altman, Jerome Rooks, John
A. Graham, Harriet J. Smith, and Edwin Lashley, filed this case
against Defendants, United Brotherhood of Carpenters and
Joiners of America (the "UBC"), Southeastern Carpenters
Regional Council (the "Council"), Douglas J. McCarron, Larry

Phillips, and Walter Darnell, asserting that the merger of Local 865 into Local 256 violated their rights to fair representation under federal labor law. Smith also asserts related federal employment discrimination claims and a state law claim.

Presently before the Court are the UBC's motion for summary judgment as to Smith's federal employment discrimination claims, the individual Defendants' motion to dismiss Smith's federal employment discrimination claims, and all Defendants' motion to dismiss Count VII of the complaint. Because the UBC was named in the EEOC charging documents by Smith, the UBC's motion for partial summary judgment will be **DENIED**. Defendants' motion to dismiss the employment discrimination claims against the individual Defendants, and motion to dismiss Count VII against all Defendants, will be **GRANTED** as unopposed.[1]

## BACKGROUND

In 1996, Smith began working full-time as an office manager for Local 865 in Brunswick, Georgia. In 2002, she was elected financial secretary and treasurer of Local 865 and

---

[1]    See Doc. No. 112 at 1.

AO 72A
(Rev. 8/82)

became a delegate to the Council. Thereafter, in December 2002, Smith began working for the Council as a business representative assigned to Local 865. Although the Council is located in Augusta, Georgia, Smith was stationed in Brunswick. Smith alleges that she was the only woman in such a position with the Council at the time. According to her, the Executive Secretary/Treasurer and Business Manager of the Council, Larry Phillips, had fired, or constructively terminated, all other women in management positions with any local union within the Council's jurisdiction.

Smith declares that the UBC and the Council were her joint employers and that the related union bodies are managed as a single entity.[2] Smith avers that her superiors, McCarron, the General President of the UBC, and Phillips, resented having a woman in the position of business representative, and that they took their frustration out on her, and Local 865, as a result.

---

[2] The UBC maintains that such allegations are not found in Plaintiffs' complaint. While the particular words "joint employers" are not located in the complaint, Smith's averments encompass such a claim. She contends that Darnell, a UBC employee, gave false and unfavorable reports to the UBC and the Council about her job performance. ¶ 19. She alleges that the UBC and the Council failed to respond to her complaints, and that the men in charge of the UBC and the Council conspired together to shut down Local 865 because a woman had been placed in an authority position. ¶¶ 20 & 25. She also contends that the UBC and the Council failed in their joint responsibility of maintaining an effective internal grievance procedure. ¶¶ 50-53. In their prayer for relief, Plaintiffs assert that Defendants are jointly and severally liable.

3

AO 72A
(Rev. 8/82)

According to Smith, she was derided as a "mere office secretary," unqualified to perform her job duties. Smith contends that this mischaracterization of her qualifications demonstrates union leadership's bias against women. On April 30, 2004, McCarron dissolved Local 865 and merged the union membership into Local 256 of Savannah, Georgia.

According to the amended complaint, Smith was harassed repeatedly by Darnell, the UBC's representative with the Council. Smith reported that Darnell asked her to stay after work with him and that he had stated that he wanted to fondle her breasts. According to Smith, Darnell also told her during a business trip that his motel room was located across from her room, so he would be able to watch her room. Smith claims that Darnell continued with his unwelcome sexual advances even after she requested that he stop. Edwin Lashley, a co-worker that overhead some of the remarks, told Phillips about Darnell's improprieties, but Phillips ignored the matter. Smith avers that Darnell gave her poor job performance evaluations in retaliation for her refusal to accede to his sexual solicitations, and for her complaints regarding his conduct.

On May 27, 2004, the Court granted the UBC's motion for a preliminary injunction, enjoining Plaintiffs from obstructing,

4

or refusing to recognize, the UBC's restructuring efforts. On June 14, 2004, Phillips fired Smith. On March 31, 2005, Plaintiffs filed an amended complaint.

In Count II of the amended complaint, Smith asserts that Defendants engaged in sexual discrimination, and sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e-2000e-17. ("Title VII"). In Count III, Smith contends that her termination constituted unlawful employment discrimination in violation of Title VII. In Count IV, Smith alleges that Defendants engaged in unlawful retaliation, in contravention of Title VII, by merging Local 865 into Local 256, and by harassing and firing her based on her complaints of discrimination and sexual harassment. In Count VI, Smith asserts that Defendants' conduct against her warrants the imposition of punitive damages under Georgia law.[3]

On June 15, 2005, the Court heard oral argument on Defendants' motion to dismiss. At the hearing, the Court converted the UBC's motion to dismiss Smith's employment

_____

[3]    In Count I, Plaintiffs allege that their rights of fair representation under federal labor law were violated by the merger of Local 865 into Local 256. In Count V, Smith avers that Defendants' conduct amounted to intentional infliction of emotional distress, a tort claim under Georgia law. Neither Count I nor Count V are challenged by any of Defendants' pending dispositive pretrial motions.

AO 72A
(Rev. 8/82)

discrimination claims into a motion for summary judgment, giving the parties additional time to conduct discovery on the issue, and to file supporting evidence and briefs in support and in opposition to the motion.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal quotation marks omitted).

AO 72A
(Rev. 8/82)

## DISCUSSION

The UBC argues that Smith's Title VII claims against it are due to be dismissed because Smith did not name it as an employer in her EEOC charge. Smith's perfected Charge of Discrimination shows that the employer(s) named are "UBC and Joiners of America-Southeastern Reg. Council." The UBC argues that it was not named because (1) "UBC and Joiners of America-Southeastern Reg. Council" is the full name of the Council,[4] (2) there was a space on the form to put an additional employer, which was left blank, and (3) the UBC's address and phone number were not listed on the charge.[5] According to a declaration filed by McCarron, the EEOC did not send a copy of the charge to the UBC, or ask it to respond to Smith's complaints.

Yet, according to documents produced by Smith in opposition to Defendants' motion, she named the UBC in her initial communications with the EEOC and the charging documents

-------

[4] At least during the litigation before the Court, the parties have not used this full name to refer to the Council.

[5] It should also be noted that the charge did not list the Council's correct address and phone number, either. Rather, it listed contact information for Local 256 in Savannah. Despite this shortcoming, the Council has not argued that it lacked proper notice of the EEOC charge.

7

that she submitted. These documents reveal that Smith accused both the UBC and the Council of discrimination, and show that she listed the UBC's address in these communications multiple times.

Smith has explained that the perfected charge was written by an EEOC representative, and that it summarized her complaints. She contends that she is not responsible for any errors resulting from the EEOC's truncated version of her allegations. According to Smith's affidavit, she questioned an EEOC representative about the perfected charge because the document was less comprehensive than the complaints she had made, and she did not sign the document until she was assured that all the information she had submitted to the EEOC was part of the record before the government agency.

The Court concludes that Smith was entitled to presume that the way her allegedly joint employers were listed on the perfected charge was adequate to give the UBC notice of her charges of discrimination. Smith reported her allegations thoroughly to the EEOC. See Doc. No. 112, Exs. A & B. Contrary to the UBC's arguments, she was not in any position

AO 72A
(Rev. 8/82)

to quibble with the EEOC regarding how it organized her claims, or summarized her averments.[6]

Moreover, contrary to McCarron's declaration, Smith has presented evidence that the UBC was asked to respond to Smith's allegations. On April 30, 2004, Plaintiffs filed their initial complaint against the UBC with the Court. On May 7, 2004, the UBC filed a counterclaim against Plaintiffs, asserting a breach of the UBC constitution. On May 26, 2004, the case came before the Court for a hearing on the parties' cross-motions for a preliminary injunction. At the hearing, the UBC was represented by attorneys from the firm Nakamura, Quinn & Walls, LLP. Also on that date, Smith filed a "cross counterclaim" against the UBC, the Council, McCarron, Phillips, and Darnell, in which she asserted that she was "pursuing a claim against some or all Defendants with the EEOC for sexual discrimination and harassment." Doc. No. 18 at ¶ 20.

On September 13, 2004, the EEOC mailed a request for information to the Council in Augusta. The form listed the "United Brotherhood of Carpenters" as the respondent, and a

---

[6]
    "[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b) (2004). The EEOC, not Smith, had the responsibility for ensuring that the responsible employers received notice of the charge. Id. § 1601.14.

9

AO 72A
(Rev. 8/82)

lawyer from Nakamura, Quinn & Walls responded on behalf of the Council.[7] The Council, and its lawyers, failed to forward the charge and request for information to the UBC. They chose not to seek clarification from the EEOC, if they considered the perfected charge vague regarding which employers were implicated. When confronted with a request for information listing the United Brotherhood of Carpenters as the responsible employer, the Council, and its agents,[8] settled on a course of willful blindness.

In sum, the charge named the UBC, the EEOC sought information from the UBC, and at the very least, the UBC had constructive notice of Smith's claims against it. Consequently, summary judgment is improper on Smith's Title VII claims against the UBC. See 29 C.F.R. §§ 1601.6-1601.9, 1601.12-1601.14 (2004)(detailing procedures for submitting a charge of discrimination to the EEOC, and service of charge requirements).

---

[7]

     Throughout the pendency of this case, the parties have used the acronym "UBC" to refer to the international union, not its council affiliate.

[8]

     As noted, these agents were representing the UBC in the underlying civil lawsuit, and received a copy of Smith's counterclaim. Doc. No. 18 at 14.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons explained above, the UBC's motion for partial summary judgment is **DENIED**. <u>See</u> Doc. No. 108. Defendants' motion to dismiss Counts II, III, IV, and VI against the individual Defendants, and motion to dismiss Count VII against all Defendants, are **GRANTED** as unopposed. <u>See</u> Doc. No. 96.

**SO ORDERED**, this ___24th___ day of August, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

George N. Davies
Robert Killian
Brian Quinn
John L. Quinn
Robert M. Weaver

CASE NO:        CV204-57

DATE SERVED: 8/24/05

SERVED BY:     Nita Rose

☐   Copy placed in Minutes

☐   Copy given to Judge

☐   Copy given to Magistrate